UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-01610-MTS |
| | ) | |
| R.J. REYNOLDS TOBACCO CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Schnuck Markets, Inc.'s Motion to Dismiss, Doc. [10], and Plaintiff's Motion to Remand, Doc. [15]. Defendant R.J. Reynolds Tobacco Company ("RJR") removed the action to this Court pursuant to 28 U.S.C. § 1332(a), arguing that Plaintiff fraudulently joined Defendant Schnuck Markets, Inc. ("Schnucks") in order to prevent federal diversity jurisdiction. Both Defendants argue that Schnucks should be dismissed pursuant to Mo. Rev. Stat. § 537.762, otherwise known as Missouri's "Innocent Seller" statute. For the reasons that follow, the Court agrees that Schnucks was fraudulently joined, so it grants Schnucks's Motion to Dismiss and denies Plaintiff's Motion to Remand.

**I.   BACKGROUND**

Plaintiff filed her Petition in state court, alleging that she developed chronic obstructive pulmonary disease as a result of smoking cigarettes manufactured by RJR and sold by Schnucks. She made claims for strict products liability, negligent design, fraudulent concealment, and concealment fraud conspiracy against RJR, while she brought only a single claim for strict products liability against Schnucks. RJR timely removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). Although Schnucks, like Plaintiff, is a citizen of Missouri,

1

RJR argued in its Notice of Removal that complete diversity nonetheless exists because Schnucks was fraudulently joined. Specifically, RJR contends that Schnucks is subject to dismissal under Missouri's Innocent Seller statute because Plaintiff's claim against Schnucks is based solely on its status as a seller in the stream of commerce, and the manufacturer, RJR, is properly before the Court as a defendant from whom Plaintiff may obtain total recovery. In its Motion to Dismiss, Schnucks likewise argues the Court should dismiss it from this case because it is an innocent seller under the statute. Plaintiff, meanwhile, argues that Schnucks was properly joined, urging that Defendants' "innocent seller" argument is an affirmative defense that cannot be the basis for fraudulent joinder and that the defense hinges on unsettled questions of state law, including the effect of a recent amendment to the statute. For that reason, Plaintiff asserts that there is not complete diversity here, and she accordingly argues that the Court should remand the case to state court.

## II. LEGAL STANDARD

A defendant may remove an action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. Federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Courts strictly construe removal statutes, and any doubts about the propriety of removal are resolved in favor of remand. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

The doctrine of fraudulent joinder is an exception to the complete diversity rule. Under that doctrine, a defendant's right to remove an action based on diversity jurisdiction cannot be defeated by the fraudulent joinder of a non-diverse or resident defendant. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). Joinder of a defendant is fraudulent where "no

2

reasonable basis in fact and law" exists to support the claims asserted against that defendant. In such a case, dismissal of the fraudulently joined defendant is proper. *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014). Where "state precedent precludes the existence of a cause of action against a defendant" or "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant," joinder is also fraudulent. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). The removing party bears the burden of proving that joinder was fraudulent. *Id.* at 808.

In assessing whether Schnucks was fraudulently joined, the Court must decide "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. The resolution of that question turns on whether Plaintiff might have a "colorable" claim against Schnucks, the resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). In making the prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. Where the sufficiency of the plaintiff's claim is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.*

### III. DISCUSSION

Under Missouri law, a plaintiff may bring a products liability claim against a defendant, situated anywhere in the chain of commerce, if the defendant transferred the product, the product was used in a manner reasonably anticipated, and either:

> (a) [t]he product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or

3

>    (b) [t]he product was then unreasonably dangerous when put to a
>    reasonably anticipated use without knowledge of its characteristics,
>    and the plaintiff was damaged as a direct result of the product being
>    sold without an adequate warning.

Mo. Rev. Stat § 537.760. Under Missouri's Innocent Seller statute, however, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" so long as "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo. Rev. Stat. § 537.762. The Missouri Supreme Court has held that "inherent in the statute is a substantive public policy choice of significant importance" and that it was "clear that [the Missouri] legislature sought to protect 'innocent' wholesalers and retailers from the perils of products liability claims, both procedurally and substantively by section 537.762." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 445–46 (Mo. banc 2002). By virtue of that policy decision, "to the extent that a plaintiff can otherwise obtain 'total recovery,' all liability of a downstream seller who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer." *Id.* at 445. Because the dismissal provisions of the statute are substantive in nature, the Court, as a federal court sitting in diversity, must apply it. 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

The Missouri legislature recently amended the statute to remove § 537.762(6), which stated that "[n]o order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes." Mo. Rev. Stat. § 537.762(6) (2018). But the legislature retained the last provision of the statute,

4

which provides that "[a]n order of dismissal under this statute is interlocutory in nature and may be set aside for good cause at any time prior to disposition." Mo. Rev. Stat. § 537.762(7) (2018). That provision was renumbered and is now located at Mo. Rev. Stat. § 537.762(6).

The parties disagree about the impact of the 2019 amendment. Specifically, the parties disagree about whether the seller—here, Schnucks—remains a functional party because the dismissal is interlocutory, and the party can be reinstated for good cause. The parties thus disagree whether the statute can serve as the basis for a finding of fraudulent joinder. Of particular relevance here, Plaintiff's counsel has filed in Missouri state court several other similar products liability actions that have been removed to this District. In each of those cases, which all involve the same Defendants and defense counsel, the parties have filed motions to remand and to dismiss that are nearly identical to those at issue here. In several recent rulings, Chief Judge Sippel, Judge Fleissig, and Judge Autrey have agreed with Defendants that Schnucks was fraudulently joined. *See Andrews v. Reynolds Tobacco Co.*, No. 4:20-cv-1583-RWS, 2020 WL 9397559 (E.D. Mo. Dec. 18, 2020); *Baum v. R.J. Reynolds Tobacco Co.*, No. 4:20-cv-01557-AGF, 2020 WL 7695403 (E.D. Mo. Dec. 28, 2020); *Perkins v. R.J. Reynolds Tobacco Co.*, 4:20-cv-1663-RWS, 2021 WL 270461 (E.D. Mo. Jan. 27, 2021); *Ford v. R.J. Reynolds Tobacco Co.*, 4:20-cv-01551-HEA, 2021 WL 270454 (E.D. Mo. Jan. 27, 2021) (the "RJR cases"). The Court finds the analysis in those cases persuasive.

Each of the RJR cases relied on *Block v. Toyota Motor Corp.*, 665 F.3d 944 (8th Cir. 2011), in which the Eighth Circuit held that Minnesota's Innocent Seller statute could serve as the basis for a finding of fraudulent joinder. The Minnesota statute "mandates dismissal of strict liability claims against nonmanufacturers where the nonmanufacturer provides the identity of the manufacturer, unless the plaintiff shows that the nonmanufacturer falls into one of three

5

exceptions." *Id.* (citing Minn. Stat. § 544.41 subdiv. 3). "If no exception applies, dismissal is mandatory but '[t]he plaintiff may at any time subsequent to dismissal move to vacate the order of dismissal and reinstate the . . . defendant' where it can show an inability to recover against the manufacturer." *Id.* (citing Minn. Stat. § 544.41 subdiv. 2). That the seller could theoretically be reinstated as a party did not persuade the Eighth Circuit that the statute could not be relied upon for purposes of a fraudulent joinder analysis. In arriving at this conclusion, the Eighth Circuit specifically contrasted the Minnesota statute with the former version of the Missouri statute, which provided that a dismissed seller "remain[ed] a party for jurisdiction purposes." *Id.* at 949. But, as discussed, that language was removed from the Missouri statute as part of the 2019 amendment. The Court agrees with the conclusion in the RJR cases that the current Missouri Innocent Seller statute is substantively similar to the Minnesota statute, and it accordingly finds that *Block*'s holding applies with equal force to this case. In other words, a court may base a finding of fraudulent joinder on Missouri's Innocent Seller statute.[1]

Turning to the application of the Innocent Seller statute to Plaintiff's claim against Schnucks, the Court concludes that the statute unambiguously precludes that claim here. Plaintiff's claim against Schnucks is based solely on Schnucks's status as a seller in the stream of commerce. Since RJR is properly before this Court and total recovery for Plaintiff's claim may be had against RJR, as evidenced by the financial details included in an affidavit attached to the

---

[1] The district court decisions cited by both parties addressed the pre-2019 version of the Missouri statute, and thus the analysis in those cases is of limited relevance. Those cases were split on whether fraudulent joinder could be based on the old version of the Missouri Innocent Seller statute. *Compare Thomas v. Brown & Williamson Tobacco Corp.*, No. 06-0223-cv-WSOW, 2006 WL 1194873 (W.D. Mo. Apr. 28, 2006) (holding that fraudulent joinder could be shown), *with Fahy v. Taser Int'l, Inc.*, No. 4:10-cv19-CDP, 2010 WL 559249, at *2 (E.D. Mo. Feb. 10, 2010) (holding that it could not). Because that split was based on the previous version of the statute, the Court instead focuses its attention on the RJR cases, which analyzed the current version of the statute. Furthermore, the cases cited by the parties do not create an "ambiguity in the current controlling substantive law" that must be resolved in Plaintiff's favor. *Cf. Filla*, 336 F.3d at 811. The relevant ambiguity at issue here relates not to the application of the statute to Plaintiff's claims, but merely to whether fraudulent joinder—a federal doctrine—may be premised on the statute.

Notice of Removal,[2] Schnucks was fraudulently joined. Therefore, RJR's removal of the case was proper, so the Court will deny Plaintiff's Motion to Remand, and it will also grant Schnucks's Motion to Dismiss. The Court will dismiss Plaintiff's claims against Schnucks without prejudice. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) (holding that claims against a fraudulently joined defendant should dismissed without prejudice for lack of subject-matter jurisdiction).

## Conclusion

Missouri's Innocent Seller statute expressly precludes Plaintiff's claim against Defendant Schnucks, as RJR is before the court and has demonstrated that Plaintiff could have total recovery against it alone; Plaintiff thus has no colorable claim against Schnucks, and the Court finds that Schnucks was fraudulently joined here. Because Plaintiff is a Missouri citizen and RJR is a citizen of North Carolina, there is complete diversity of citizenship here, as required by 28 U.S.C. § 1332(a).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Schnuck Markets, Inc.'s Motion to Dismiss Count V, Doc. [10], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Angela Anderson's Motion to Remand, Doc. [15], is **DENIED**.

---

[2] This Court previously remanded a case involving similar parties and claims because the defendants in that case provided no evidence that RJR alone could provide the plaintiff a total recovery on his claims, as required under the Innocent Seller statute. *See Thompson v. R.J. Reynolds Tobacco Co.*, No. 4:20-cv-908-MTS, 2020 WL 5594072, at *4 (E.D. Mo. Sept. 18, 2020). Because the defendants there failed to establish the applicability of the statute, this Court rejected the argument that Schnucks was fraudulently joined and accordingly remanded the case. *Id.* In contrast to *Thompson*, RJR here provided a financial affidavit reflecting that RJR indeed can, by itself, provide total recovery for Plaintiff's claim. *See* Doc. [1-3] at 3–4. Thus, unlike in *Thompson*, the Court finds that Schnucks has met the requirements of the Innocent Seller statute here.

**IT IS FINALLY ORDERED** that Defendant Schnuck Markets, Inc. is **DISMISSED** without prejudice as a party.

Dated this 14th day of July, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE