UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA ANDERSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20-cv-01610-MTS |
| R.J. REYNOLDS TOBACCO CO., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant R.J. Reynolds Tobacco Company's (RJR) Motion to Dismiss Counts I, II, III, and IV of Plaintiff's Petition or for More Definite Statement, Doc. [12]. In the same Motion, RJR also moved the Court to strike Plaintiff's requests for punitive damages. For the reasons that follow, the Court grants in part and denies in part the Motion to Dismiss, denies the Motion for More Definite Statement, and denies the Motion to Strike.

**I.   BACKGROUND**

Plaintiff filed her Petition in state court, alleging that she developed chronic obstructive pulmonary disease (COPD), among other issues, as a result of smoking Newport, Kool, and Belair cigarettes manufactured by Defendant RJR or its predecessor companies and Benson & Hedges cigarettes manufactured by former Defendant Philip Morris USA Inc.[1] Doc. [1-1] ¶¶ 2–10, 45, 84–85. Plaintiff alleged that she "began smoking cigarettes in or around the late 1970s," which caused her to "bec[ome] addicted to the nicotine in the cigarettes," and "the consistent addictive levels sustained her addiction to the nicotine in the cigarettes . . . resulting in excessive exposure to carcinogens and other toxic substances in the Benson & Hedges, Newport, Kool, and Belair cigarettes she smoked over the many decades of her smoking history." *Id.* ¶¶ 45, 77.

---

[1] Plaintiff voluntarily dismissed Philip Morris from the case on October 26, 2020.  Doc. [1-2].

1

Plaintiff asserted four Counts against RJR: strict liability design defect (Count I), negligent design (Count II), fraudulent concealment (Count III), and "concealment fraud conspiracy" (Count IV). *Id.* at 29–37. RJR moved to dismiss all four claims, asserting that the claims fail under Fed. R. Civ. P. 12(b)(6) for a variety of reasons. RJR contends that Counts I and II should be dismissed for two reasons: first, because the claims are impliedly preempted by federal law, and second, because Plaintiff did not identify any specific design features in the brands of cigarettes at issue that rendered them unreasonably dangerous or caused her injuries, which, RJR argues, makes the claims deficient under Fed. R. Civ. P. 8(a). Doc. [13] at 4–8. As to Counts III and IV, RJR provides four reasons the Court should dismiss those claims: (1) they are preempted by federal law because they are merely failure-to-warn claims; (2) they are barred by the applicable statute of limitations; (3) Plaintiff failed to allege that RJR had a duty to disclose information to Plaintiff; and (4) the Petition does not meet the heightened pleading standards applicable to fraud claims under Fed. R. Civ. P. 9(b). *Id.* at 8–14. RJR further asked the Court to strike Plaintiff's requests for an award of punitive damages, asserting that initial pleadings cannot contain claims for punitive damages under Missouri law. *Id.* at 14–15; *see* Doc. [1-1] ¶¶ 94, 103, 115, 123. Finally, if the Court denies the Motion to Dismiss, RJR requested that the Court order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## II.   LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the

2

claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The Court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). In considering such a motion, the Court does not ask whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

### III.   DISCUSSION

The Court will first assess RJR's Motion to Dismiss Counts I–IV. As discussed below, it is unpersuaded by RJR's arguments as to Counts I and II but will dismiss Counts III and IV. The Court will then briefly address RJR's Motion for More Definite Statement as to Counts I and II, the only two remaining claims in the case. Finally, the Court will confront RJR's Motion to Strike Plaintiff's prayer for punitive damages.

**A.   Motion to Dismiss**

***1.  Counts I and II Are Not Impliedly Preempted by Federal Law and Satisfy Federal Rule of Civil Procedure 8(a)***

The Court disagrees with RJR's argument that Plaintiff's design defect and negligent design claims are preempted by federal law. "Once Congress has regulated aspects of the design, manufacture, or sale of a product, the doctrine of conflict preemption, including implied preemption, forecloses claims premised on such regulated aspects." *Borner v. Brown & Williamson Tobacco Co.*, 294 F.3d 594, 599 (8th Cir. 2005). "Where there is an actual conflict between a state law cause of action and Congress's express policy, state law must give way under the Supremacy Clause." *Id.* (citing *Geier v. Am. Honda Motor Co.*, 529 U.S. 861 (2000)). An actual conflict arises "when it is

3

impossible for a private party to comply with both state and federal law, and when state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of'" the federal law. *Wuebker v. Wilbur-Ellis Co.*, 418 F.3d 883, 887 (8th Cir. 2005) (quoting *Geier*, 529 U.S. at 873). Courts "do not lightly deem state law to be superseded by federal law" out of respect for the states' exercise of their traditional police powers, *Jones v. Vilsack*, 272 F.3d 1030, 1033 (8th Cir. 2001) (citing *Cipollone v. Liggett Grp.*, 505 U.S. 504, 516 (1992)), and a "party asserting conflict preemption faces a high bar." *Graham v. R.J. Reynolds Tobacco Co.*, 857 F.3d 1169, 1186 (11th Cir. 2017).

RJR did not cite a specific federal statute or regulation with which it contends Plaintiff's state defective designs claims conflict. Instead, RJR grounds its preemption argument in *FDA v. Brown & Williamson Tobacco Corp.*, where the Supreme Court held that Congress, in enacting 15 U.S.C. § 1331 and other tobacco-related legislation, intended for "tobacco products [to] remain on the market." 529 U.S. 120, 138–39 (2000). The Court explained that a "ban of tobacco products by the FDA would therefore plainly contradict congressional policy." *Id.* at 139. While that case did not directly involve the preemption of state law, courts have referenced the *FDA v. Brown & Williamson* case and its reasoning in finding that state defective design claims pertaining to cigarettes are impliedly preempted by federal law. *See, e.g.*, *Mash v. Brown & Williamson Tobacco Corp.*, No. 4:03-cv-0485-TCM, 2004 WL 3316246 (E.D. Mo. Aug. 26, 2004); *Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d 1009 (N.D. Cal. 2012); *Cruz Vargas v. R.J. Reynolds Tobacco Co.*, 218 F. Supp. 2d 109 (D.P.R. 2002). Those cases have found preemption where the plaintiff alleged that cigarettes, by their very nature, are inherently dangerous and thus defective. Design defect claims are necessarily preempted in such a case, the reasoning goes, because a finding that cigarettes are defective by virtue of what they are—as opposed to defective because of the *particular* design of the defendant's cigarettes—would amount to a ban on cigarettes, inconsistent with the holding of *FDA v. Brown & Williamson*. *See Mash*, 2004 WL 3316246, at *6; *Pooshs*, 904 F. Supp. 2d at 1025–26; *Cruz Vargas*, 218 F. Supp. 2d at 118. RJR, in line with those cases, insists that "Plaintiff's design defect claims are predicated on risks that are

4

inherent in cigarette smoking," so her claims, says RJR, are preempted.  Doc. [13] at 6–7.

The Court disagrees.  Intrinsic to the notion that allegations of defect based on the inherent characteristics of cigarettes *are* preempted is that allegations that *particularities* in the cigarettes at issue render the products defective *are not* preempted.  Indeed, the caselaw bears out that principle: "If, however, in this action liability is imposed based on a design defect in the cigarettes that is scientifically and commercially feasible to remove from the cigarettes [at issue], plaintiffs' claims will not be preempted because imposing liability would not be tantamount to a ban on tobacco products." *Conley v. R.J. Reynolds Tobacco Co.*, 286 F. Supp. 2d 1097, 1107–08 (N.D. Cal. 2002); *see, e.g.*, *Bougopoulos v. Altria Grp.*, 954 F. Supp. 2d 54, 61 (D.N.H. 2013) ("If Bougopoulos had asserted liability based on the inherent dangerous characteristics of cigarettes, the claim may have been preempted. . . . [H]owever, Bougopoulos's strict liability claim alleges a defect due to the defendants' manipulation of nicotine, not the inherent characteristics of cigarettes.  Therefore, Bougopoulos's strict liability claim is not preempted by federal law."); *Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 784, 798–99 (Mo. Ct. App. 2008).  Consistent with that caselaw, the Court holds that Plaintiff's strict liability design defect and negligent design claims are preempted by federal law only insofar as Plaintiff contends that the cigarettes manufactured by RJR are defective because of characteristics inherent to cigarettes.

Here, Plaintiff specifically alleged that various aspects of RJR's cigarettes—apart from the nicotine present in every cigarette or inhalable smoke—render them inherently dangerous and thus defective.  For example, Plaintiff alleged that RJR and its predecessors in interest added menthol to their cigarettes, which she asserts "numbs the sensory organs in the throat, making it easier to inhale the smoke more deeply."  Doc. [1-1] ¶¶ 16, 32.  She also alleged that RJR's cigarettes contained filters that were ineffective in removing cancerous components, that RJR "manipulated the levels of nicotine" in its cigarettes, and that it "manipulated the potency of the nicotine" by adding ammonia or diammonium phosphate to their tobacco, all of which Plaintiff contends caused the cigarettes to be

5

unreasonably dangerous. *Id.* ¶¶ 16, 32, 41–43, 60, 90.  At the motion to dismiss stage, the Court finds these allegations sufficiently different from an assertion that the cigarettes were inherently defective to conclude that her claims are not preempted.  *See Bougopoulos*, 954 F. Supp. 2d at 60 ("Bougopoulos alleges that the defendants manipulated the nicotine in their cigarettes, which is a product defect separate from an allegation that cigarettes as a whole are inherently dangerous. . . .  This assertion is sufficient to allege a product defect at this stage of the proceedings.").  The Court therefore rejects RJR's preemption argument as to Counts I and II.

The Court further concludes that Plaintiff alleged sufficient facts to state claims for strict liability design defect and negligent design, so it rejects RJR's argument that those claims do not meet the pleading requirements of Rule 8(a).  To state a claim for strict liability design defect, a plaintiff must plead facts showing (1) that the product was in a "defective condition unreasonably dangerous when put to a reasonably anticipated use," (2) that the product "was used in a manner reasonably anticipated," and (3) that "plaintiff was damaged as a direct result of such defective condition as existed when the product was sold."  *Johnson v. Auto Handling Corp.*, 523 S.W.3d 452, 466 (Mo. banc 2017) (alteration omitted) (quoting Mo. Approved Jury Instr. (Civ.) 25.04 (8th ed.)).  To state a claim for negligent design, Plaintiff must allege facts supporting that (1) defendant designed the product, (2) the product had a particular defect, (3) the defendant failed to use ordinary care to design the product to be reasonably safe or adequately warn of the risk of harm, and (4) as a direct result of the defendant's failure, the plaintiff was injured.  *Id.* at 466; *see Menz v. New Holland N. Am.*, 460 F. Supp. 2d 1058, 1067 (E.D. Mo. 2006).

RJR argues that Plaintiff failed to "state how . . . each brand of cigarettes . . . was defectively designed or that the alleged defect was the legal cause of her COPD."  Doc. [13] at 7–8.  As the Court detailed above, Plaintiff specifically enumerated various aspects of RJR's cigarettes that she alleges placed the cigarettes in an unreasonably dangerous condition and thereby made them defective.  Plaintiff also alleged that those defective features of the cigarettes caused her COPD.  *See, e.g.*, Doc.

[1-1] ¶ 36 (asserting "manipulated . . . design" made the cigarettes more easily inhalable, making them more likely to cause COPD); ¶¶ 41–43 (manipulating the levels of nicotine and "freebasing" made the cigarettes at issue more addictive, thus "resulting in excessive exposure to carcinogens and other toxic substances, likely leading to the development of . . . COPD"); ¶ 45 (claiming use of flue-cured tobacco and addition of menthol and other flavorings also "resulted in excessive exposure to carcinogens and other toxic substances," ultimately causing or contributing "in substantial fashion" to Plaintiff's COPD). After reviewing the Petition in its entirety, the Court is satisfied that Plaintiff made sufficient factual allegations "to raise [her] right to relief above the speculative level," permitting the Court "the reasonable inference that [RJR] is liable for the misconduct alleged." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (first quoting *Minn. Majority v. Mansky*, 708 F.3d 1051, 1055 (8th Cir. 2013), then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). RJR's Motion to Dismiss Counts I and II is denied.

### *2. Counts III (Fraudulent Concealment) and IV (Concealment Fraud Conspiracy)*

RJR contends there are four distinct reasons to dismiss Plaintiff's fraudulent concealment and concealment fraud conspiracy claims: (1) both are expressly preempted by federal law because they are merely relabeled failure-to-warn claims; (2) they are barred by the relevant statute of limitations; (3) Plaintiff failed to plead that RJR had a duty to disclose information to Plaintiff, a necessary element of the fraudulent concealment claim; and (4) Plaintiff's allegations do not meet the heightened pleading standards for fraud claims under Fed. R. Civ. P. 9(b). Doc. [13] at 8–14. As explained below, the Court holds that Plaintiff's fraudulent concealment claim is both barred by the applicable statute of limitations and fails to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). It correspondingly concludes that Plaintiff's conspiracy claim in Count IV necessarily fails, since it is contingent on Plaintiff's fraudulent concealment claim as the underlying tort.[2]

---

[2] Because the Court concludes Plaintiff's claims should be dismissed on those grounds, it need not address RJR's other proffered reasons for dismissal.

> i. **Plaintiff's Fraudulent Concealment Claim Is Barred by the Statute of Limitations and Fails to Satisfy the Requirements of Federal Rule of Civil Procedure 9(b)**

Under Missouri law, fraudulent concealment is not a separate and distinct claim for relief. *Tucker v. Ethicon, Inc.*, No. 4:20-cv-1543-RLW, 2021 WL 410058, at *6 (E.D. Mo. Feb. 5, 2021). Instead, "in cases where misrepresentation is alleged to have occurred by nondisclosure," the concealment of a material fact can serve as a substitute for the first element of a fraudulent misrepresentation claim: the existence of a representation. *Nestle Purina Petcare Co. v. Blue Buffalo Co.*, 181 F. Supp. 3d 618, 640 (E.D. Mo. 2016) (citing *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. banc 2007)); *White v. Bowman*, 304 S.W.3d 141, 149 (Mo. Ct. Ap. 2009). Since Plaintiff cannot, under Missouri law, assert an independent claim of fraudulent concealment, the Court will assess whether he has stated a claim of fraudulent misrepresentation. *See Tucker*, 2021 WL 410058, at *7 ("Under Missouri law, a common law claim for fraudulent non-disclosure or concealment 'falls under the rubric of fraudulent misrepresentation.'" (quoting *Parke v. Progressive Cas. Ins. Co.*, 613 S.W.3d 428, 431 (Mo. Ct. App. 2020))). To plead a claim of fraudulent misrepresentation, Plaintiff must include facts demonstrating (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of the representation's falsity or ignorance of its truth, (5) the speaker's intent that the representation be acted upon by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the truth of the representation, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury. *White*, 304 S.W.3d at 149 (citing *Hess*, 220 S.W.2d at 765). Since Plaintiff alleged that RJR both made false representations of material facts and concealed material information regarding the safety of its cigarettes, see Doc. [1-1] ¶¶ 104–12, Plaintiff can establish the first element either by showing a representation or RJR's "silence in the face of a legal duty to speak." *Tucker*, 2021 WL 410058, at *7 (citing *Hess*, 220 S.W.3d at 765).

Regardless of whether Plaintiff alleged facts supporting each of the elements of her fraudulent

misrepresentation claim, the bulk of the alleged fraudulent misrepresentations and concealment is barred by the applicable statute of limitations. Under Mo. Rev. Stat. § 516.120(5), which applies to fraudulent misrepresentation claims, *Larabee v. Eichler*, 271 S.W.3d 542, 546 (Mo. banc 2008), "all fraud claims must be brought within five years from when the cause of action accrues, which is either when the fraud is discovered or at the end of 10 years after the fraud takes place, whichever occurs first." *Ellison v. Fry*, 437 S.W.3d 762, 769 (Mo. banc 2014). "Consequently, the latest a fraud claim can accrue and the statute of limitations begin to run is 10 years after it is committed, regardless of whether the fraud is actually discovered." *Id.* In other words, under § 516.120(5), the latest a fraud claim may be brought is fifteen years after the alleged fraud took place. *Id.* at 770 (reaffirming prior holdings "that all claims for fraud must be brought within a maximum of 15 years" of the fraud occurring); *Wallace v. R.J. Reynolds Tobacco Co.*, No. 09-01011-cv-W-REL, 2011 WL 13290652, at *1 (W.D. Mo. 2011). Applying the statute to Plaintiff's claim, that means that the latest an act of fraudulent misrepresentation or concealment by RJR could have taken place and also clear the hurdle set by § 516.120(5) is September 23, 2005, fifteen years prior to the date Plaintiff filed this case. *See* Doc. [1-1]; *see Wallace*, 2011 WL 13290652, at *2.

      The Court is mindful of the general rule that a statute of limitations defense can only be a ground for dismissal under Rule 12(b)(6) "when the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011). The Court's conclusion here is consistent with that principle, as Plaintiff's own allegations make clear that her fraudulent concealment claim is (mostly) barred by the statute of limitations. Nearly every act of misrepresentation or fraud alleged by Plaintiff took place well before 2005. *See, e.g.*, Doc. [1-1] ¶ 52 (allegedly misleading advertisement published in 1954), ¶¶ 64(a)–(i) (alleging misrepresentations through various forms of media as early as the mid-1950s and no later than 1994), ¶ 65 (alleging willful concealment beginning in the 1950s and into the early 1970s), ¶ 71(c) (misrepresentations in marketing from "the 19030s at least through the late 1990s"), ¶¶ 72–74 (misleading statements made no later than the late 1980s).

9

Because those alleged acts of fraudulent misrepresentation or concealment fall well beyond the fifteen-year limit set in the statute, Plaintiff's fraudulent misrepresentation claim is barred to the extent it is based on those actions. *See Wallace*, 2011 WL 13290652.

Plaintiff did, generally and vaguely, allege at least some misleading and deceptive conduct by RJR that occurred after 2005, claiming that RJR "from the 1970s through the 2000s" made public, and misleading, pronouncements regarding the safety of its cigarettes. Doc. [1-1] ¶ 81; *see id.* ¶¶ 49, 105–06 (alleging, without specific examples, RJR "made false representations of material facts" and "concealed vast amounts of truthful information" over "the course of the last 65 years"). While those allegations may survive the timing requirements of § 516.120(5), they fall well short of meeting the "heightened particularity" with which fraud claims must be pleaded under Fed. R. Civ. P. 9(b). *See Miner v. Schrieber*, No. 4:19-cv-95-SPM, 2020 WL 3605619, at *5–6 (E.D. Mo. July 2, 2020) (acknowledging that fraudulent misrepresentation claims must satisfy Rule 9(b)'s pleading requirements). To meet Rule 9(b)'s pleading requirements, Plaintiff "must plead such facts as the time, place, and content of [RJRJ's] false representations, as well as the details of [RJR's] fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* at 5 (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). That means, to survive RJR's Motion to Dismiss her fraud claim, Plaintiff must plead "the who, what, when, where, and how" of her claim. *Id.* (quoting *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013)). Her allegations that are not barred by the statute of limitations certainly do not meet that standard, as they baldly assert without detail that RJR made misleading pronouncements and concealed material information. *See* Doc. [1-1] ¶¶ 49, 81, 105–106; *Miner*, 2020 WL 3605619, at *6; *Seals v. Wright Med. Tech., Inc.*, No. 4:20-cv-01656-SRC, 2021 WL 1698947, at *3–4 (E.D. Mo. Apr. 29, 2021). The Court therefore grants RJR's Motion to Dismiss Plaintiff's fraudulent misrepresentation and concealment claim (Count III). *See Andrews v. R.J. Reynolds Tobacco Co.*, No. 4:20-cv-1583-RWS, 2021 WL 3472504, at *5–6 (E.D. Mo. Aug. 6, 2021) (dismissing fraudulent

concealment claim for failure to comply with Rule 9(b)).

### ii. Plaintiff's Concealment Fraud Conspiracy Claim Rises and Falls with Her Fraudulent Misrepresentation and Concealment Claim

RJR argues that the Court must dismiss Plaintiff's conspiracy claim because the underlying claim of fraudulent concealment fails. The Court agrees. In Missouri, "[t]o properly plead a civil conspiracy case, [Plaintiff] must plead two things: the underlying unlawful act causing damages and the civil conspiracy." *Park Ridge Assocs. v. U.M.B. Bank*, 613 S.W.3d 456, 464 (Mo. Ct. App. 2020). Thus, civil conspiracy "is not itself actionable in the absence of an underlying wrongful action or tort." *Id.* (quoting *Hamilton v. Spencer*, 929, S.W.2d 762, 767 (Mo. Ct. App. 1996)); *Williston v. Vasterling*, 536 S.W.3d 321, 335 (Mo. Ct. App. 2017) ("A claim for civil conspiracy is not a separate and distinct cause of action but acts to hold conspirators jointly and severally liable for some underlying act." (quoting *Higgins v. Ferrari*, 474 S.W.3d 630, 642 (Mo. Ct. App. 2015))). As a result, "[i]f the underlying wrongful act alleged fails to state a cause of action, the civil conspiracy claim fails." *Park Ridge*, 613 S.W.3d at 464; *Howard v. Farmers Ins. Co.*, No. 18-4011-DDC-GEB, 2019 WL 3302310, at *7 (D. Kan. July 23, 2019) ("A civil conspiracy 'does not give rise to a civil action unless something is done pursuant to which, absent the conspiracy, would create a right of action against one of the defendants, if sued alone.'" (quoting *Hibbs v. Berger*, 430 S.W.3d 296, 320 (Mo. Ct. App. 2014))); *Williston*, 536 S.W.3d at 335; *Deutsche Fin. Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002). Because the Court dismissed Plaintiff's fraudulent misrepresentation and concealment claim, the claim underlying her conspiracy claim, it will also dismiss the conspiracy claim. *See Park Ridge*, 613 S.W.3d at 464; *Dean v. Noble*, 477 S.W.3d 197, 206 (Mo. Ct. App. 2015) (affirming dismissal of derivative conspiracy claim where underlying fraud claim "was properly dismissed as time-barred" under Mo. Rev. Stat. § 516.120(5)); *Andrews*, 2021 WL 3472504, at *6.

### B.  RJR's Motion for More Definite Statement is Unwarranted

Since the Court denied the Motion to Dismiss with respect to Counts I and II, the Court will

consider RJR's alternative Motion for More Definite Statement as to those claims. *See Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013). Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when the pleading at issue "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response." Such a motion is "'not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations' nor is it to be used 'as a substitute for discovery in trial preparation.'" *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) (quoting *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001)). In general, "the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail." *Thorp v. District of Columbia*, 309 F.R.D. 88, 90 (D.D.C. 2015) (quoting *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 110 (D.D.C. 2003)); *Ransom*, 918 F. Supp. 2d at 901. And "a plaintiff need not allege all the facts necessary to prove its claim so long as [he] provides enough factual information to make clear the substance of that claim." *Thorp*, 309 F.R.D. at 90 (alteration in original) (quoting *Wilson v. Gov't of D.C.*, 269 F.R.D. 8, 12 (D.D.C. 2010)). Because of the liberal notice pleading provided for by the Federal Rules and the availability of discovery, "motions for more definite statement are universally disfavored." *Shelton v. Village of Bel Nor*, No. 4:10-cv-021462011-NAB, WL 3207115, at *5 (E.D. Mo. July 28, 2011) (quoting *Tinder*, 207 F. Supp. 2d at 959).

The Court has no basis for granting RJR's request. RJR recycled its arguments that Counts I and II "are not pled with the particularity required by Rule 8," asserting in conclusory fashion that "all of the claims are so vague or ambiguous that [RJR] cannot reasonably prepare a response" without specifically directing the Court to "the defects complained of and the details desired," as required by Rule 12(e). Docs. [13] at 15; [40] at 14; *see* Fed. R. Civ. P. 12(e). As discussed, the Court finds Plaintiff pleaded more than enough facts to satisfy the notice-pleading purpose of Rule 8(a). Setting aside RJR's failure to comply with the specificity required by Rule 12(e) as to the allegedly defective facts, the Petition contains more than enough information to inform RJR of the basis for and nature of

Plaintiff's defective and negligent design claims.  The Court has little doubt that discovery is the appropriate means by which to clarify the issues here.  *See Potts v. Howard Univ.*, 269 F.R.D. 40, 43–44 (D.D.C. 2010).  RJR's Motion for More Definite Statement is denied.

### C.  The Court Will Not Strike Plaintiff's Prayer for Punitive Damages

In the Petition, Plaintiff requested punitive damages (among other relief) pursuant to each of her four claims against RJR.  Doc. [1-1] ¶¶ 94, 103, 115, 123.  Defendant moved to strike that request, arguing that it is improper under Mo. Rev. Stat. § 510.261(5).  Doc. [12] ¶ 5.  Federal Rule of Civil Procedure 12(f) empowers courts to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Judges have wide discretion in deciding whether to strike pleadings under Rule 12(f), and motions to strike are generally viewed with disfavor and infrequently granted.  *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021).

Under Mo. Rev. Stat. § 510.261(5), effective August 28, 2020, "[n]o initial pleading in a civil action shall contain a claim for a punitive damage award.  Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court."  Mo. Rev. Stat. § 510.261(5) (2020).  Because Plaintiff filed her claim on September 23, 2020, RJR argues the statute bars her punitive damages requests.  Though the parties provided hardly any argument on this issue, see Docs. [13] at 14–15 and [28] at 18–20, Plaintiff asserted that the Court must, as a federal court sitting in diversity jurisdiction, determine whether the Missouri statute applies in this case at all.  In addressing that question, the Court finds persuasive the reasoning in *Kilburn v. Autosport Acquisitions, LLC*, No. 1:20-cv-211-ACL, 2021 WL 307550 (E.D. Mo. Jan. 29, 2021), which analyzed the issue in detail.[3]

In that case, the court referenced the Supreme Court's instruction in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.* that a "federal court exercising diversity jurisdiction should

---

[3] As did Judge Crites-Leoni in *Kilburn*, the Court notes that the Eighth Circuit has yet to weigh in on this issue.  *See Kilburn*, 2021 WL 307550, at *2.

not apply a state a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (quoting *Shady Grove Orthopedic Assocs., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010)).  The *Kilburn* court reasoned that Fed. R. Civ. P. 8, which governs the federal requirements for pleading, answers the same question as § 510.216(5) but comes out differently: under the Missouri statute, a claim for punitive damages cannot be included in an initial pleading, but under Rule 8, it can.  *See Kilburn*, 2021 WL 307550, at *2.  It also held that Rule 8 is valid under the Rules Enabling Act, 28 U.S.C. § 2072, because it "governs the pleading standard and content of a complaint" and thus "regulates procedure."  *Id.*  Finding, then, that § 510.261(5) meets both requirements provided in *Shady Grove*, the *Kilburn* court concluded that it should not apply § 510.261(5).  *Id.*  The Court agrees with *Kilburn*'s reasoning and likewise holds that under the Supreme Court's test announced in *Shady Grove* it should not apply the Missouri statute's prohibition on asserting a claim for punitive damages in an initial pleading, and Rule 8 instead governs the pleading requirements in this case.  The Court therefore denies RJR's Motion to Strike the requests for punitive damages.

## CONCLUSION

Counts I and II of Plaintiff's Petition—claiming strict liability design defect and negligent design—are not preempted by federal law, and Plaintiff pleaded sufficient facts to survive RJR's Motion to Dismiss.  Count III, asserting fraudulent misrepresentation and concealment, is barred by the statute of limitations under Mo. Rev. Stat. § 510.120(5) and lacks the requisite specificity under Fed. R. Civ. P. 9(b), so Plaintiff has failed to state her claim.  For that reason, Plaintiff's claim for conspiracy (Count IV) likewise fails because its success is contingent on the success of the fraudulent misrepresentation or concealment claim.  Finally, the Court is unpersuaded by RJR's arguments in support of its Motions for more definite statement and to strike Plaintiff's punitive damages claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant R.J. Reynolds Tobacco Company's Motion to Dismiss Counts I, II, III, and IV of Plaintiff's Petition, Doc. [12], **GRANTED** in part and **DENIED** in part.  Defendant's Motion to Dismiss is **DENIED** as to Counts I and II of the Petition (strict liability design defect and negligent design).  Defendant's Motion to Dismiss is **GRANTED** as to Counts III and IV of the Petition (fraudulent concealment and concealment fraud conspiracy).

**IT IS FURTHER ORDERED** that Defendant's Motion for More Definite Statement, Doc. [12], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Strike Plaintiff's claims for punitive damages, Doc. [12], is **DENIED**.

Dated this 11th day of August, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE